Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **NATANAEL OLMEDA PEREZ**<br><br>Peticionario<br><br><br>v.<br><br>**DEPARTAMENTO DE CORRECCION Y REHABILITACION**<br><br>Recurrido | KLCE202400720 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Caso Núm.:<br>**BY2024CV01837**<br><br>Sobre: **DAÑOS Y OTROS** |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de agosto de 2024.

Comparece ante nos, Natanael Olmeda Pérez, en adelante Olmeda Pérez o peticionario, solicitando que revisemos la *"Orden"* del Tribunal de Primera Instancia, Sala de Bayamón, en adelante, TPI-Bayamón, notificada el 24 de mayo de 2024. Mediante dicha determinación, el foro recurrido declaró *"No Ha Lugar"* la *"Solicitud de Representación Legal"* presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, *denegamos expedir el recurso de autos.*

**I.**

El 1ro. de abril de 2024 el peticionario, presentó demanda en daños y perjuicios por violación a derechos civiles y derechos constitucionales contra el Departamento de Corrección y Rehabilitación de Puerto Rico. Junto a la demanda, presentó *"Solicitud y Declaración para que se Exima de Pago de Arancel por*

*Razón de Indigencia"*. La dirección postal que el señor Olmeda Pérez colocó en ambos escritos es:

> Anexo 292, edif. 5-A-14
> P.O. Box 0961-7403
> Bayamón, PR 00961-7403[1]

El 3 de abril del 2024, el TPI-Bayamón emitió una orden declarando "Ha Lugar" la solicitud y declaración de exención del arancel.[2] El 4 de abril del corriente, Secretaría intentó notificar por correo postal, pero esta fue devuelta.[3] Incluso, desde la presentación de la demanda hasta la *"Solicitud de Representación Legal"*, el Tribunal de Primera Instancia ha recibido devuelta las órdenes y notificaciones que ha intentado enviarle al peticionario.[4] A vuelta de correo, la agencia de correo federal ha notificado la existencia de problemas con la dirección postal ofrecida, que es la que el peticionario ha colocado en sus escritos.[5]

El 13 de mayo de 2024, Olmeda Pérez presentó *"Solicitud de Representación Legal"* en la que expresa nuevamente la dirección postal incorrecta.[6] Por tal razón, le fue declarada "No Ha Lugar" en esta etapa del procedimiento hasta que el peticionario informe la dirección postal correcta.[7]

Inconforme con lo resuelto, el peticionario acude ante nosotros mediante recurso de *certiorari* solicitando que revoquemos la determinación recurrida y, en consecuencia, se le designe representante legal. En esencia, fundamenta su solicitud en el hecho de que le fue enviada una primera comunicación en la que se le notificaba la designación de codificación alfanumérica y número

---

[1] Entradas 1 y 2, SUMAC.
[2] Entrada 3, SUMAC.
[3] Entrada 4, SUMAC.
[4] Entradas 13 y 14, SUMAC
[5] Id.
[6] Entrada 12, SUMAC.
[7] Entrada 15, SUMAC.

de sala para el presente caso. Añade que esa notificación fue enviada y recibida a la dirección postal correcta:

> **Anexo 292, Edif. 5-A-14**
> **P.O. Box 607073**
> **Bayamón, PR 00961**[8]

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el

---

[8] Recurso de Certiorari, págs. 1-2.

Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> > (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> >
> > (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729,

745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

**III.**

El peticionario señala que erró el Tribunal al declarar "No Ha Lugar" la solicitud de asignación de representación legal de oficio en esta etapa de los procedimientos en donde, según el TPI-Bayamón, por error en la dirección postal, no se le han logrado notificar distintas órdenes. Luego de un examen sosegado del expediente ante nos, y el estado de derecho aplicable, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Por lo que no encontramos razón en derecho que justifique nuestra intervención.

Luego de apreciar el planteamiento que la parte peticionaria propone ante este Foro, distinguimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar "No Ha lugar" la petición en esta etapa de los procedimientos, *debido a un error en la dirección postal provista por el recurrido*. En esta, inicialmente, el recurrido había provisto una dirección errónea, en lugar de la correcta que es ***Anexo 292, Edif. 5-A-14, P.O. Box 607073, Bayamón, PR. 00961***. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

## IV.

Por los fundamentos antes expuestos, *denegamos el auto solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS<br>
Secretaria del Tribunal de Apelaciones